UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLEEN O'BRIEN,

                    Petitioner,

v.                                                CASE NO. 08-11690
                                                  HONORABLE NANCY G. EDMUNDS
CLARICE STOVALL,

                    Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Colleen O'Brien has filed a *pro se* habeas corpus petition challenging her state conviction for second-degree murder. Respondent Clarice Stovall urges the Court through counsel to deny the petition. The Court agrees that Petitioner is not entitled to relief. Accordingly, the habeas petition must be denied.

**I. Background**

Petitioner was charged in Wayne County, Michigan with (1) first-degree murder, (2) assault with intent to commit murder, (3) operating a vehicle while intoxicated, causing death, (4) operating a vehicle while intoxicated, causing serious injury, and (5) failure to stop at the scene of an accident resulting in death. The charges arose from an incident on July 18, 2005, when Petitioner struck two pedestrians whom she knew with her truck. One of the victims died after being dragged under the front of Petitioner's vehicle for approximately a quarter of a mile.

On December 13, 2005, the date set for trial, Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in return for a dismissal of the other charges and a

sentence of nineteen to forty years in prison.  The Michigan Court of Appeals affirmed

Petitioner's conviction for "lack of merit in the grounds presented."  *See People v. Brien*, No.

273930 (Mich. Ct. App. Nov. 29, 2006).  On May 30, 2007, the Michigan Supreme Court denied

leave to appeal.  *See People v. O'Brien*, 478 Mich. 869; 731 N.W.2d 720 (2007) (table).

Petitioner filed her habeas corpus petition on April 21, 2008.  Her claims read:

I.      Defendant-Appellant is entitled to withdraw her guilty plea
        because the factual basis was insufficient to permit a trier of fact to
        find the elements for second-degree murder.

II.     Defendant-Appellant must be permitted to withdraw her guilty
        plea because her plea was involuntary, unknowing, and
        unintelligent, in violation of the state and federal due process
        clauses where the plea was induced by fear, she was given
        inadequate time and inadequate assistance from counsel in
        considering it.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of

her claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme
Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's

majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

## III. Discussion

### A. The Factual Basis for the Plea

Petitioner alleges that the factual basis for her plea was insufficient to permit a trier of fact to conclude that the elements of second-degree murder were satisfied. Specifically, Petitioner contends that there was insufficient evidence that she acted with malice. She maintains that she intended only to frighten the victims, not to kill or injure them.

The Supreme Court has stated that "a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). In other words, an express admission of guilt "is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *see also United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes."). Therefore,

> when the judgment of conviction upon a guilty plea has become final and the
> offender seeks to reopen the proceeding, the inquiry is ordinarily confined to

3

whether the underlying plea was both counseled and voluntary.  If the answer is in
the affirmative then the conviction and the plea, as a general rule, foreclose the
collateral attack.

*Broce*, 488 U.S. at 569.

Petitioner was represented by counsel at her plea, and the following discussion indicates
that her plea was voluntary and intelligent.  Consequently, she is not entitled to the writ of habeas
corpus on the ground that the factual basis for her plea was insufficient.

### B.  The Voluntariness of the Plea

Petitioner alleges that her plea was involuntary, unknowing, and unintelligent because it
was induced by fear and because she was given an inadequate amount of time to consider the plea
offer.  In support of these claims, Petitioner states that she had only four or five minutes in which
to decide whether to accept the prosecutor's offer and that the prosecutor made unsubstantiated
threats.

### 1.  Legal Framework

"Waivers of constitutional rights not only must be voluntary but must be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances and likely
consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  Courts must consider all the
relevant circumstances when deciding whether a petitioner's plea was voluntary and intelligent.
*Id.* at 749.  A plea can be involuntary if the defendant does not understand the nature of the
constitutional rights she is waiving or the charge against her, *Henderson v. Morgan*, 426 U.S.
637, 645 n.13 (1976), and if the defendant is not "apprised of the direct consequences of entering
the plea," *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (citing *Brady*, 397 U.S. at
755), including the maximum sentence that could be imposed, *King v. Dutton*, 17 F.3d 151, 154

4

(6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).  "A defendant is not entitled to withdraw [her] plea merely because [s]he discovers long after the plea has been accepted that [her] calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."  *Brady*, 397 U.S. at 757.  Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### 2.  Application

The plea negotiations in this case began before the trial date.  The record indicates that defense counsel discussed the prosecutor's offers with Petitioner and her family on a number of occasions and that Petitioner initially rejected the prosecutor's final offer.

On the day set for trial, the prosecutor stated that the plea offer would expire after trial commenced and that, if she was unsuccessful in obtaining a first-degree murder conviction, she could probably obtain a second-degree murder conviction.  The prosecutor also said that, if Petitioner were convicted of second-degree murder, she would attempt to have Petitioner sentenced at the high end of the sentencing guidelines and she might even ask for an upward departure from the guidelines.

The trial court urged Petitioner to talk to her attorney one more time.  Petitioner agreed to discuss the matter with her attorney, and the trial court stated that it would give Petitioner about five minutes to consult with her attorney.  The record indicates that the recess in the proceedings extended from 9:45 a.m. to 10:49 a.m.  At the conclusion of the sixty-four minute recess, Petitioner presented the trial court with a signed document indicating that she was accepting the prosecutor's plea offer.  The trial court then read the terms of the plea and sentence agreement

5

aloud, and Petitioner stated that was her understanding of the agreement.

Petitioner was forty-two years of age at the time of her plea.  She had earned a master's degree in counseling from Wayne State University and had been employed as a licensed counselor for the previous ten years.  She acknowledged on the record that she was waiving several constitutional rights by pleading guilty, and she said that no promises or threats had been made to induce her to plead guilty.  Defense counsel stated that Petitioner was well aware of the prosecutor's plea offer and the ramifications of going to trial as charged.

The Court concludes from the facts as summarized above that Petitioner's plea was voluntary and intelligent.  She was aware of the charges against her and advised of the rights that she was waiving and of the maximum penalty under law.  She was given at least one night to consider the prosecutor's offer and an additional hour on the day of trial to consult with her attorney.  There is no indication in the record that the prosecutor's remarks intimidated her to the extent that her plea was involuntary.  Her claim lacks merit.

**C.  Defense Counsel**

Petitioner's final claim is that her trial attorney did nothing to protect her rights. According to Petitioner, defense counsel should have (1) moved to quash the first-degree murder charge, (2) pointed out that the plea was illusory because the sentencing guidelines would have been the same after a jury verdict as they were under the plea offer, and (3) advised her that she had a defense of intoxication.

**1.  Legal Framework**

To prevail on her claim, Petitioner must show that her attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington,*

466 U.S. 668, 687 (1984).  In guilty plea cases, the "performance" prong requires showing that

defense counsel's representation fell below an objective standard of reasonableness or was

outside the range of competence demanded of attorneys in criminal cases.  *Hill v. Lockhart*, 474

U.S. 52, 56-58 (1985); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).  The "prejudice" prong

requires demonstrating that defense counsel's constitutionally ineffective performance affected

the outcome of the plea process.  *Hill*, 474 U.S. at 59.  Petitioner must demonstrate "a reasonable

probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have

insisted on going to trial."  *Id.*

### 2.  Application

Petitioner alleges that defense counsel should have advised her that intoxication was a

defense to the charges.  Although intoxication is an affirmative defense to a specific intent crime

such as first-degree murder, Petitioner would have had the burden of proving by a preponderance

of the evidence that she consumed a substance and did not know or reasonably should not have

known that she would become intoxicated or impaired.  MICH. COMP. LAWS § 768.37(2).

Petitioner previously served a sentence for drunk driving, and she admitted to a police officer in

this case that she had been drinking and knew she should not have been driving.  Thus, an

intoxication defense likely would have failed.

Petitioner claims next that her attorney should have advised her that the plea agreement

was illusory.  However, she faced a maximum sentence of life imprisonment had she gone to trial

and been convicted of either first-degree or second-degree murder.  *See* MICH. COMP. LAWS §§

750.316(1) and 750.317.  Furthermore, the sentencing guidelines called for a minimum sentence

of fifteen to twenty-five years in prison, and the prosecutor vowed to seek a sentence at the high

7

end of the sentencing guidelines or even an upward departure from the guidelines if Petitioner were convicted of second-degree murder. By pleading guilty to second-degree murder and agreeing to a minimum sentence of nineteen years, Petitioner avoided the possibility of a more severe sentence, including life imprisonment. The plea bargain was not illusory.

Petitioner's final claim about defense counsel is that he failed to file a motion to quash the first-degree murder charge. The attorney did argue at the preliminary examination that, with a blood alcohol content of .14, Petitioner would have had difficulty premeditating the murder or intending to kill her victims. The state district court judge, however, rejected this argument and bound Petitioner over for trial as charged.

At the subsequent plea in Wayne County Circuit Court, the prosecutor stated that she thought the evidence against Petitioner was overwhelming. As noted above, Petitioner admitted to a police officer that she had been drinking and knew that she should not have been driving. There was additional evidence that Petitioner had recently finished serving a sentence for drunk driving and that she showed no remorse for her current crime. Given these facts, it is unlikely that the trial court would have reversed the state district court's decision and granted a motion to quash the murder and assault charges.

For the reasons given above, Petitioner has failed to prove her attorney's performance was deficient. Even if defense counsel's performance was deficient, Petitioner has not alleged that, but for counsel's errors, she would have insisted on going to trial rather than plead guilty. Thus, she has failed to satisfy the "prejudice" prong of the *Strickland* test, as well as the "deficient performance" prong. Her ineffective-assistance-of-counsel claim fails.

**IV. Conclusion**

8

The decision of the Michigan Court of Appeals -- that Petitioner's claims lacked merit -- did not result in an objectively unreasonable application of clearly established federal law as determined by the Supreme Court.  The state court's decision also did not result in an unreasonable determination of the facts.  Accordingly, the application for a writ of habeas corpus [Dkt. 1] is **DENIED**.

The Court **DECLINES** to grant a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner nevertheless may appeal this Court's decision *in forma pauperis* because an appeal could be taken in good faith.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 6, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager